## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC HILL, #99726-555,<br>JERMAINE DICKERSON, #17935-030,<br>KENNETH MOBLEY, #32493-509,<br>TRISTAN DURDEN, #49430-510,<br>DANIEL ANDERSON, #94101-510,<br>LAWRENCE WRYHS, #89059-509,<br>JIMMIE FOX, #15606-511,<br>IVAN MOORE, #48468-044,<br>DEONTA LUCAS, #46940-510,<br>DEANDRE GRIMES, #19307-033,<br>HERMAN STEEN, #76703-510,<br>CHARLIE PRYOR, #14424-511,<br>TESEAN ROBINSON, #49618-511,<br>STEPHON YATES, #97401-007,<br>JONATHAN WALKER, #19651-075,<br>ZALANTRICK POTTS, #28118-078,<br>TILROME BELL, #61076-510, and<br>LEONARD RATLIFF, #16710-510,<br><br>        **Plaintiff,**<br><br>vs.<br><br>C/O BRADLEY and<br>FEDERAL BUREAU OF PRISONS,<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 26-cv-00670-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This case was opened on May 18, 2026 upon receipt of a Complaint signed by 18 inmates[1] in the custody of the Federal Bureau of Prisons (FBOP) and incarcerated at the Federal Correctional Institution in Marion, Illinois (FCI-Marion). (Doc. 1). Plaintiffs bring the action *pro*

---

[1] Other inmates were listed as plaintiffs who did not sign the Complaint, file a Motion for Leave to Proceed *in forma pauperis*, or submit any other documentation evidencing their intent to proceed in this group action (*e.g.*, Edward Ayala, Damitrius Creighton, and Michael Pearson). Should any of the plaintiffs wish to do so, they may file a separate action at any time in this federal judicial district.

1

*se* pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1985, and 42 U.S.C. § 1981. In the Complaint, they allege that C/O Bradley targeted them for mistreatment because of their race, and they assert claims against Bradley and the FBOP for violations of their rights under the Fourth, Fifth, and Eighth Amendments. *Id*. Before the plaintiffs can proceed any further with their claims, the Court will address several preliminary matters. This includes each plaintiff's obligation to pay the filing fee for this action, the group's ability to proceed with a class action, and the joinder of the plaintiffs and their claims in a single suit.

## A.      Filing Fee

Plaintiffs commenced this action without pre-paying a filing fee. Each plaintiff incurred the obligation to pay a $405.00 filing fee for the action at the time this case was opened. *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Plaintiffs cannot avoid this obligation by filing a single complaint naming multiple plaintiffs. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff"). Five plaintiffs filed motions seeking leave to proceed *in forma pauperis* ("IFP motion"): Kenneth Mobley, Tristan Durden, DeAndre Grimes, Herman Steen, and Johnathan Walker. Before the Court can determine whether these plaintiffs qualify for IFP status, each one must provide a certified trust fund account statement covering the six-month period immediately preceding this action (*i.e.*, November 18, 2025 through May 18, 2026).

Thirteen plaintiffs did not file for IFP or prepay the filing fee: Eric Hill, Jermaine Dickerson, Daniel Anderson, Lawrence Wryhs, Jimmie Fox, Ivan Moore, Deonta Lucas, Charlie Pryor, Tesean Robinson, Stephon Yates, Zalantrick Potts, Tilrome Bell, and Leonard Ratliff. These plaintiffs must either prepay the full filing fee of $405.00 or file a properly completed IFP

2

motion and certified trust fund account statement by the court-imposed deadline of **June 17, 2026**. (*See* Doc. 13).  Any plaintiff who fails to do so by this deadline will be dismissed.  *Id*.

**The only way to avoid the obligation to pay a filing fee is to file a motion for voluntary dismissal, in writing, on or before the court-imposed deadline for doing so: June 17, 2026**.

**B.     Class Action**

Plaintiffs did not file a motion seeking class certification.  Until certification is requested in a motion and granted by the Court, there is no class action; there is merely the possibility of one.  *Morland v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002).  The only action is this suit brought by multiple plaintiffs.  *Id*.

Even if the Court construes the Complaint as including a motion for class certification, the motion is subject to denial.  Plaintiffs are proceeding *pro se*, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See* FED. R. CIV. P. 11; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (*pro se* prisoner plaintiff cannot represent other plaintiffs).  Accordingly, the Court construes the Complaint as being brought by separate plaintiffs.

**C.     Joinder**

The Court must also consider the issue of joinder.  In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties of administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied.  *Id*.  Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action."  If the requirements for permissive joinder are satisfied,

complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune*, 391 F.3d at 855; FED. R. CIV. P. 20.

But, even where the requirements for permissive joinder are satisfied, a district court may turn to other civil rules to manage a multi-plaintiff case. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders. *Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). When making such decisions, district courts are given broad discretion. *Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay." *Id*. (quotations and citations omitted).

The basic requirements for permissive joinder are satisfied here, so the question is not whether the Court should accept the Complaint. The Court has already accepted it. The question is whether the plaintiffs should proceed together in one action or separately in their own suits. Several relevant factors weigh in favor of separate suits for each plaintiff.

Different facts support each plaintiff's claims. The Complaint generally describes discriminatory and retaliatory conduct by a correctional officer and the impact of this conduct on each plaintiff. The facts necessary to sustain these claims are specific to each individual plaintiff.

Litigation timelines will be different for each plaintiff. These timelines will largely depend on affirmative defenses raised by the defendants. For example, the Prison Litigation Reform Act requires each plaintiff to exhaust available administrative remedies before bringing suit, and failure to exhaust is an affirmative defense. *See* 42 U.S.C. § 1997e(a); *Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *2 (N.D. Ind. Nov. 23, 2020) (noting that each plaintiff

4

"must separately exhaust every one of the claims he is bringing before filing suit" even if the plaintiffs have similar claims).  Defendants may raise exhaustion as an affirmative defense for some plaintiffs and not others, requiring separate tracks and evidentiary hearings before the case can proceed to the merits.  Plaintiffs can only defeat summary judgment on exhaustion by putting forth facts about exhaustion that are specific to the individual plaintiff.

Other hurdles to group litigation exist.  Plaintiffs cannot sign and file motions on behalf of one another, even if they proceed together in a single suit.  *See* FED. R. CIV. P. 11.  Although the plaintiffs properly gathered signatures for the Complaint, it is much easier to do so when initiating an action and when doing so from the same place of confinement.  Plaintiffs are currently housed at FCI-Marion, and they may even be housed near one another.  However, litigation often extends over many months or years, and inmates frequently move.  *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (convicted prisoner can be relocated at any time without notice).  As plaintiffs move— within the same facility, to different federal facilities, between federal and state facilities, or upon their release from custody—it becomes more difficult to review, sign, and file pleadings together. As the case progresses, it will likely become more difficult to comply with Rule 11.

Moreover, litigation quickly becomes unnecessarily expensive and time-consuming when eighteen sets of claims are brought together in the same action.  Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5.  This means that if there are eighteen plaintiffs, the postage and copying costs of filing motions, briefs, or other papers in the case will be eighteen times greater than if there was a single plaintiff.  Plaintiffs will incur significant costs serving every document on every party, including those plaintiffs whose signatures are not obtained.  *See* FED. R. CIV. P. 5.  And, if parties

are not served, they will be left in the dark.  Delays associated with this process are inevitable as the parties and court navigate their way through an unnecessarily complicated case.

Finally, each plaintiff will be held responsible for knowing what is filed on his behalf.  If sanctions are deemed appropriate in any aspect of the case (whether directly or indirectly related to a plaintiff), each plaintiff will be subject to the sanction under Rule 11.  Each plaintiff will also incur a strike, if the action is dismissed for one of the reasons stated in 28 U.S.C. § 1915(g).

Under the circumstances, the Court finds that allowing all plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, prejudice, and cost.  The Court may, at any time, add or drop a party or sever a claim on just terms.  *See* FED. R. CIV. P. 21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be properly screened). . . . ").  The Court finds that severance is necessary to ensure the "just, speedy, and inexpensive determination" of this case. *See* FED. R. CIV. P. 1.  At the same time, severance now does not preclude consolidation later of an issue, a hearing, a trial, or otherwise.  *See* FED. R. CIV. P. 42(a).  It also does not preclude the plaintiffs from coordinating their efforts.  For now, the Court deems it necessary and appropriate to require the plaintiffs to proceed with their claims in separate suits.  The Clerk of Court will therefore be directed to open a new lawsuit for each plaintiff.

### Disposition

**IT IS ORDERED** that, for the reasons set forth above, each Plaintiff is required to proceed with his claims in a separate suit.  The following Plaintiffs are **DISMISSED** from this matter: **JERMAINE DICKERSON, KENNETH MOBLEY, TRISTAN DURDEN, DANIEL ANDERSON, LAWRENCE WRYHS, JIMMIE FOX, IVAN MOORE, DEONTA LUCAS, DEANDRE GRIMES, HERMAN STEEN, CHARLIE PRYOR, TESEAN ROBINSON,**

6

**STEPHON YATES, JONATHAN WALKER, ZALANTRICK POTTS, TILROME BELL,** and **LEONARD RATLIFF**.  The Clerk of Court is **DIRECTED** to **TERMINATE** these plaintiffs as parties to *this action* in CM/ECF.

The Clerk of Court is **DIRECTED** to **OPEN** a separate case for each plaintiff, other than Plaintiff Eric Hill, **TERMINATE** the Motions for Leave to Proceed *in forma pauperis* (Docs. 2 through 9), and **FILE** the following documents in each newly severed case:

1) The Complaint (Doc. 1);
2) This Memorandum and Order Severing Case; and
3) The Motion for Leave to Proceed *in forma pauperis* in those cases opened for Tristan Durden (Doc. 2), DeAndre Grimes (Docs. 3 and 4), Kenneth Mobley (Doc. 5), Herman Steen (Docs. 6 and 7), and Johnathan Walker (Docs. 8 and 9).

Each Plaintiff will be responsible for paying the filing fee for his new case, and not this action, **unless** he timely advises the Court that he does not wish to proceed with the new case by filing a motion for voluntary dismissal or choosing to opt out of the severed case by the deadline imposed therein.

The **only plaintiff remaining in this action** is Plaintiff **ERIC HILL**.  The Clerk of Court is **DIRECTED** to modify the case caption as follows: **ERIC HILL, Plaintiff vs. C/O BRADLEY** and **FEDERAL BUREAU OF PRISONS, Defendants.**

Finally, Plaintiff Hill is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

7

DATED: 5/21/2026

**J. PHIL GILBERT**
**United States District Judge**